```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eric Krieg

    v.                                    Civil No. 22-cv-533-JL-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Eric Krieg, proceeding pro se, filed a Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a disciplinary decision and sanctions he received at the Federal Correctional Institute in Berlin, New Hampshire ("FCI Berlin"), where Mr. Krieg was incarcerated at the time he filed this action. The respondent, the FCI Berlin Warden, moves to dismiss. See Doc. No. 10. Mr. Krieg objects to the Warden's motion and moves for summary judgment in his favor.[1] See Doc. Nos. 13, 14. The motions are referred to the undersigned Magisrate Judge for a report and recommendation as to their disposition. See LR 72.1; U.S.C. § 636(b)(1). For the following reasons, the District Judge should grant the respondent's motion to dismiss the petition and deny Mr. Krieg's motion for summary judgment.

---

[1] Mr. Krieg filed one document which the Court docketed twice, as an objection to the motion to dismiss (Doc. No. 13) and as Mr. Krieg's motion for summary judgment (Doc. No. 14).

## **Background**

According to Mr. Krieg's filings in this matter, and the documents attached thereto, in April 2022, Mr. Krieg mailed a completed Voter Registration Application ("VRA") form to the District of Columbia Board of Elections in Washington, D.C. On the VRA form, Mr. Krieg wrote that his address was 1600 Pennsylvania Avenue NW in Washington, D.C., which is the address of the White House. The mailing was flagged before it left the prison, and was reviewed by Special Investigative Services ("SIS") Technician G. Richards, who completed an Incident Report concerning the mailing. That Incident Report stated:

> On April 8, 2022, at approximately 9:45 AM, while reviewing outgoing postal mail that had been flagged for further review . . ., I, SIS Technician G. Richards, inspected a letter addressed from Inmate KRIEG, ERIC, Reg. No. 17161-027, being sent to D.C. Board of Elections in Washington, D.C. The envelope contained a completed "Voter Registration Application" form containing personally identifiable information, specific to KRIEG. The form contains a warning statement: "If you sign this statement even though you know it is untrue, you can be convicted and fined up to $10,000 and/or jailed for up to five years." Inmate KRIEG's signature is present after this warning and is dated 4-6-22. One of the criteria noted in the affirmation section of the voter declaration is "My residence in the District of Columbia is at the address (#4) above," which KRIEG lists "Address of Residence in DC" as "1600 Pennsylvania Ave. NW." 1600 Pennsylvania Ave. NW in Washington, D.C. is the physical location of the White House. 52 U.S. Code § 10307(c), section (c) states the following:

> "(c) False information in registering or voting; penalties[.] Whoever knowingly or willfully gives false information as to his name, address or period of residence in the voting district for the purpose of establishing his eligibility to register or vote, or conspires with another individual for the purpose of encouraging his false registration to vote or illegal voting, or pays or offers to pay or accepts payment either for registration to vote or for voting shall be fined not more than $10,000 or imprisoned not more than five years, or both . . ."
>
> Falsification of information contained on the Voter Registration Application, in this instance falsifying the location of residency, is a felony offense under 52 U.S. Code § 10307(c). Inmate KRIEG does not currently reside at 1600 Pennsylvania Ave. NW. . . .

Apr. 8, 2022 Incident Report (Doc. No. 1-1, at 1). SIS Technician Richards charged Mr. Krieg with violations of Bureau of Prisons ("BOP") Prohibited Acts Code ("Code") 196, criminal mail abuse, and Code 313, lying or 30 providing a false statement to a staff member. See id.

A Disciplinary Hearing Officer ("DHO") held a hearing on the disciplinary charges on May 2, 2022. Mr. Krieg waived his right to a staff representative and witnesses, and opted to "neither admit[] or den[y] the charges and elected not to comment." May 26, 2022 DHO Report (Doc. No. 1-1, at 3). After the hearing, the DHO found that Mr. Krieg violated both Code 196 and Code 313. In making that decision, the DHO relied on SIS Technician Richards's written account in the Incident Report,

3

the VRA form completed and signed by Mr. Krieg, and the envelope in which the VRA form was sent, addressed to the D.C. Board of Elections. The DHO then imposed the following sanctions: the disallowance of forty-one days of earned good conduct time ("GCT"), the forfeiture of twenty-eight days of non-vested GCT, and a one-year loss of email privileges for violating Code 196, and a three-month loss of telephone privileges for violating Code 313. See DHO Report (Doc. No. 1-1, at 9). Mr. Krieg's appeal of the DHO's decision was denied.[2]

Mr. Krieg then filed his petition here, arguing that there was no evidence before the DHO that he violated either Code 196 or Code 313, and that 52 U.S.C. § 10307(c) does not apply to his VRA. The Warden moves to dismiss the petition, addressing Mr. Krieg's arguments challenging the Code 196 decision. Mr. Krieg objects to the Warden's motion and moves for summary judgment in his favor.

## Discussion

I. Mr. Krieg's Motion for Summary Judgment

    A. Procedural Background

---

[2] There is no dispute that Mr. Krieg exhausted his available administrative remedies to appeal the DHO finding and sanctions.

Mr. Krieg filed a combined document that included both his objection to the Warden's motion to dismiss and a motion for summary judgment. Generally, his arguments in the objection/motion are directed to the Warden's motion to dismiss. See Doc. No. 14, at 2. One exception, however, is Mr. Krieg's assertion that he is entitled to judgment in his favor because the Warden, in his motion to dismiss, did not argue against his challenge to the finding that he violated Code 313. Therefore, the court considers Document No. 14 as Mr. Krieg's motion for summary judgment, seeking judgment in his favor on the charge and sanctions for violation of Code 313.

### B. Challenging Disciplinary Proceedings in § 2241 Petition

A § 2241 petition is the vehicle for a petitioner to challenge the validity of his confinement, "or to particulars affecting its duration." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Mr. Krieg may proceed under § 2241, therefore, to challenge a disciplinary sanction that impacts the fact or duration of his confinement, such as disallowance of GCT.

Disciplinary sanctions that have no impact on the fact or length of confinement cannot be challenged under § 2241. See Reynolds v. Williamson, 197 F. App'x 196, 198 (3d Cir. 2006).

The sanction imposed for Mr. Krieg's violation of Code 313 was the temporary loss of telephone privileges. Because that sanction did not affect the validity or duration of his confinement, Mr. Krieg's challenge to the DHO's findings and sanction regarding his violation of Code 313 does not provide grounds for habeas relief through a § 2241 petition. See id.; Crosby v. Kallis, No. 22-1416, 2023 U.S. App. LEXIS 2765, at *5, 2023 WL 1514460, at *2 (7th Cir. Feb. 3, 2023) (section 2241 "authorizes challenges only to sanctions affecting the fact or duration of imprisonment"); Hall v. Warden Canaan USP, 858 F. App'x 37, 38 (3d Cir. 2021) (disciplinary violation which resulted in sanction of temporary disciplinary segregation and temporary loss of commissary privileges, but not loss of good conduct time, not subject to challenge under § 2241). For that reason, the District Judge should deny Mr. Krieg's motion for summary judgment challenging the guilty finding and sanction he received in the disciplinary proceedings concerning his Code 313 violation.

II.   Warden's Motion to Dismiss

The Warden moves to dismiss on the grounds that Mr. Krieg provided an "obviously false" address on the VRA he was sending through the mail to the Washington, D.C. Board of Elections,

6

which constituted illegal conduct under 52 U.S.C. § 10307(c), which prohibits including a false address when registering to vote in a federal election. See Doc. No. 10, at 1. In response, Mr. Krieg argues that his due process rights were violated by the disciplinary findings and sanctions on Code 196, as there was insufficient evidence before the DHO that he violated Code 196, as it is not clear that the DHO considered the "federal election" element of § 10307(c). He further argues that he had a good faith understanding that, by providing the address closest to the place where he intends to camp as a homeless person upon his release from incarceration, he did not provide a false address on his VRA form.

    A.    <u>Motion to Dismiss Standard</u>

The court may dismiss a § 2241 petition if the petitioner's allegations, taken as true, do not state a claim for relief. See Fed. R. Civ. P. 12(b)(6); Burt v. Bd. Of Trs. Of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023); Diallo v. Warden, FCI Berlin, No. 23-cv-439-LM-TSM, 2024 U.S. Dist. LEXIS 129925, at *4, 2024 WL 3502997, at *2 (D.N.H. May 7, 2024), R&R approved, 2024 U.S. Dist. LEXIS 128334, at *1, 2024 WL 3496854, at *1 (D.N.H. July 22, 2024); Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-cv-11833-ADB, 2021 U.S. Dist. LEXIS 32202, at *3, 2021 WL

681689, at *2 (D. Mass. Feb. 22, 2021). When considering a motion to dismiss a § 2241 petition, the court may consider, in addition to the petition, documents submitted with the petition and other matters of public record. See Burt, 84 F.4th at 50; Diallo, 2024 U.S. Dist. LEXIS 129925, at *4-*5, 2024 WL 3502997, at *2.

B. Due Process Standard

In his motion to dismiss, the Warden argues that Mr. Krieg was afforded the minimum due process to which he was entitled during his disciplinary proceedings. Prisoners have a protected liberty interest in GCT which affords them certain due process protections in disciplinary proceedings. See Sup't, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 453 (1985); Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

In addition, to satisfy a prisoner's due process rights in a disciplinary proceeding which resulted in the loss of GCT, a hearing officer's finding must be supported by "some evidence in the record." Hill, 472 U.S. at 454 ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." (citation omitted)). The "some evidence" requirement is

8

minimal; only a "modicum of evidence" is needed, and the standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary" officer. Id. at 450, 455-56. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455.

Here, Mr. Krieg does not contend that he was denied procedural due process in his disciplinary proceedings.[3] Instead, he disputes that he committed the conduct prohibited by Code 196, and alleges that there was insufficient evidence before the DHO to find him guilty of that violation. Specifically, Mr. Krieg argues, in response to the respondent's motion to dismiss, that: (1) there was no evidence before the DHO that Mr. Krieg intended to vote in a federal election, a

---

[3] The minimum requirements of due process in prison disciplinary proceedings are (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) the opportunity to call witnesses and present documentary evidence (when doing so is not unduly hazardous to prison safety and institutional goals); (3) a hearing before an impartial decisionmaker; and (4) and a written statement as to the evidence the hearing officer relied on and the reasons for the officer's decision. See Wolff, 418 U.S. at 563-71; Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); Ali v. Warden, Fed. Corr. Inst., Berlin, N.H., Case No. 18-cv-896-JL, 2020 U.S. Dist. LEXIS 48237m at *6-*7, 2020 WL 1322542, at *3 (D.N.H. Mar. 20, 2020).

9

required element of the criminal offense of § 10307(c); and (2) because Mr. Krieg believed in good faith that he was providing the appropriate address on the VRA, there was no evidence that he engaged in "willful" or "intentional" conduct, the mens rea required by 52 U.S.C. § 10307(c).

    C.    <u>Federal Election Requirement</u>

Code 196 prohibits the "[u]se of the mail for an illegal purpose or to commit or further a Greatest Severity category prohibited act."[4] 28 C.F.R. § 541.3, Table 1. In the challenged disciplinary proceedings, the DHO found Mr. Krieg used the mail for the illegal purpose of using a false address to register to vote in Washington, D.C., in violation of § 10307(c). That statute states:

> Whoever knowingly or willfully gives false information as to his name, address or period of residence in the voting district for the purpose of establishing his eligibility to register or vote, or conspires with another individual for the purpose of encouraging his false registration to vote or illegal voting, or pays or offers to pay or accepts payment either for registration to vote or for voting shall be fined not more than $10,000 or imprisoned not more than five years, or both: <u>Provided, however,</u> That this provision shall be applicable only to general, special, or

---

[4] Greatest Severity category prohibited acts are listed in the BOP Prohibited Acts Code, 28 C.F.R. § 541.3, Table 1. Because Mr. Krieg was charged with using the mail for an illegal purpose, it is not necessary to address whether the evidence at the disciplinary hearing "further[ed] a Greatest Severity category prohibited act."

10

> primary elections held solely or in part for the
> purpose of selecting or electing any candidate for the
> office of President, Vice President, presidential
> elector, Member of the United States Senate, Member of
> the United States House of Representatives, Delegate
> from the District of Columbia, Guam, or the Virgin
> Islands, or Resident Commissioner of the Commonwealth
> of Puerto Rico.

52 U.S.C. § 10307(c) (emphasis in original).

Mr. Krieg asserts that both the Incident Report and the DHO Report improperly failed to include the portion of § 10307(c) that limits the conduct prohibited to the provision of false information for the purposes of registering to vote in an election for a federal office. Mr. Krieg alleges that nothing in the record before the DHO includes any evidence that he was registering to vote for the purpose of voting in a federal election.

In the District of Columbia, elections for federal and local offices are part of the same integrated system. See D.C. Code § 1-1001.01, et seq. When a VRA is submitted to a voting district, where such an integrated system exists, the "federal election" requirement of § 10307(c) is satisfied. Cf. United States v. Smilowitz, 974 F.3d 155, 160 (2d Cir. 2020) (where a State's "unitary registration process" renders a registrant qualified to vote "in any local, state, or federal election," fraud committed while registering to vote in that State falls

11

under the purview of § 10307(c)); United States v. Robinson, 813 F.3d 251, 255 (6th Cir. 2016). Accordingly, whether or not the DHO specifically considered the federal office requirement for illegality under § 10307(c), as a matter of law, that issue is resolved by the District of Columbia Code, which integrates local and federal regulations into a single system.

### 2. Validity of Offense Under § 10307(c)

Mr. Krieg claims that 52 U.S.C. § 10307(c) "has never been enforced against anyone" and that, by implication, "it is not an actual offense." Doc. No. 13, at 5. Mr. Krieg further argues that although the incident for which he was disciplined was forwarded to an Assistant United States Attorney and the Federal Bureau of Investigation, those offices declined to prosecute him for a violation of § 10307(c), which demonstrates that he did not actually commit such a violation. Mr. Krieg is mistaken on both points.

First, Mr. Krieg is incorrect in his assertion that there has never been a criminal prosecution or conviction for a violation of § 10307(c). Despite his contention that he could not find such a case in the LEXIS database, the Court has determined that such cases exist. See, e.g., Smilowitz, 974 F.3d at 156 (defendant pleaded guilty to violation of § 10307(c));

12

Robinson, 813 F.3d at 254 (jury convicted defendants of violating 10307(c)); United States v. Smith, CRIMINAL ACTION No. 21-152, 2023 U.S. Dist. LEXIS 26244, at *1, 2023 WL 2043307, at *1 (E.D. La. Feb. 16, 2023) (defendant pleaded guilty to violation of § 10307(c) and was sentenced to four months in prison).

Second, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor]'s discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (footnote omitted); see also United States v. Armstrong, 517 U.S. 456, 463 (1996). The decision whether or not to prosecute, even where probable cause exists to bring a prosecution, "is ill-suited to judicial review," as such a decision may be based on "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." Wayte v. United States, 470 U.S. 598, 607 (1985). Accordingly, the Court will not deduce that Mr. Krieg's conduct did not violate a criminal statute solely on the basis that the conduct was not prosecuted criminally.

3.   "Some Evidence" of Violation of Code 196

The DHO found that Mr. Krieg gave a false address on the VRA, conduct made illegal by § 10307(c). The DHO did so by finding that Mr. Krieg completed the VRA form using 1600 Pennsylvania Avenue N.W., Washington, D.C., the address of the White House, as his address. The DHO found that because Mr. Krieg does not reside at the White House, as evidenced, in part, by his use of FCI Berlin as the return address on the envelope he used to mail his VRA, that his address information on the VRA form was false.

Mr. Krieg argues in his objection that the address was not false, because he had a good-faith belief, based in part on a BOP memo entitled "Inmate Voting Rights," that he could register to vote in Washington, D.C., although he does not currently have a residential address there, if he intends to "return" to Washington, D.C. upon his release from prison, by using his last known address. Mr. Krieg asserts that he has no home to return to upon his release from incarceration, and that he believed that his "last known address" was the address closest to the address where he intends to camp, as a homeless person, upon his release, which he states was in front of the White House, located at 1600 Pennsylvania Ave. NW in Washington, D.C.

14

Mr. Krieg's explanation of the veracity of his use of the White House address fails on several grounds. Primarily, while Mr. Krieg argues all of these facts in his petition and/or objection/motion for summary judgment, none of the facts upon which he relies to support his argument here was before the DHO at his disciplinary hearing. Mr. Krieg chose not to make any comment during the DHO hearing on his disciplinary violation, provide a written statement explaining the facts or legal theory he argues here, call witnesses, or submit any other evidence during the disciplinary proceedings. And, as noted above, Mr. Krieg does not allege that he was prevented from putting any of this information into evidence. According to the DHO Report:

> [Mr. Krieg's] due process rights were reviewed and reviewed with [him] by the DHO and [he] stated [he] understood [his] rights. The DHO noted that [Mr. Krieg] did not receive a copy of [his] incident report within 24 hours as established by policy. The DHO noted the reason for the delay was due to the report being referred to the AUSA/FBI for possible prosecution. The DHO noted that the AUSA/FBI declined the case on May 2, 2022. The DHO noted that the report was released for administrative sanctions on May 2, 2022. The DHO did not feel the delay of this incident report impeded any undue hardship in [Mr. Krieg's] ability to defend [him]self at th[e DHO] hearing. The DHO notes [Mr. Krieg] did not request a staff representative nor did [he] request any witnesses. The DHO read aloud the incident report. At no time during the DHO hearing did [Mr. Krieg] raise any procedural issue request a witness or present written documentation as evidence.

DHO Report (Doc. No. 1-1, at 5).

15

As explained above, Mr. Krieg's due process rights are satisfied if the DHO's finding that he violated Code 196 was based on "some evidence" in the record before the DHO. According to the DHO Report, the DHO considered: SIS Technician Richards's April 8, 2022 Incident Report; the envelope containing the VRA which was addressed to the D.C. Board of Elections in Washington, D.C., and listed Mr. Krieg's return address at FCI Berlin; and the VRA form signed by Mr. Krieg which listed has address as 1600 Pennsylvania Ave. NW, Washington, D.C. See DHO Report (Doc. No. 1-1, at 5).

The evidence before the DHO included the VRA form signed by Mr. Krieg and containing other information which identified the document as having been prepared and mailed by Mr. Krieg, listing his residence as 1600 Pennsylvania Ave. NW, Washington, D.C., at a time when Mr. Krieg was incarcerated at FCI Berlin. Nothing in the record demonstrated that Mr. Krieg had ever or would ever live at that address.[5] And despite having the ability

---

[5] To be qualified to register to vote in the District of Columbia, a person must have "a residence in the District for at least 30 days preceding the next election." D.C. Code § 1-1001.02(2)(C); see also id. at § 1-1001.07(a). Mr. Krieg has not shown that he will live at 1600 Pennsylvania Ave., by camping nearby or otherwise, at least thirty days before the next election. It is unlikely Mr. Krieg could make that showing as he is serving a sentence of 348 months, which was imposed in 2019. See Judgment, United States v. Krieg, Case No. 2:17-cr-00146-

to do so, Mr. Krieg did not introduce or submit any evidence at the hearing of his good-faith belief concerning his address, his anticipated homelessness upon release, that he had ever resided in the District of Columbia, that he intended to "return" to the District of Columbia after his incarceration and camp in front of the White House.

Accordingly, the DHO's conclusion that Mr. Krieg used the mail to register to vote in Washinton D.C. using a false address, in violation of § 10307(c), was based on "some evidence" in the record which was not contradicted by any evidence before the DHO. The Court finds, therefore, that neither the DHO's finding that Mr. Krieg committed the charged Code 196 violation, nor the sanction the DHO imposed, including the loss of GCT, violated Mr. Krieg's Fifth Amendment right to due process. The District Judge, therefore, should grant the respondent's motion to dismiss the petition, and direct the Clerk to close this case and enter judgment.

---

JVB-JEM (N.D. Ind. Apr. 5, 2019) (ECF No. 43). According to the BOP online inmate locator, Mr. Krieg's anticipated release date is January 19, 2043. See Inmate Locator (bop.gov) (last visited Aug. 6, 2024).

**Conclusion**

For the foregoing reasons, the District Judge should grant the Warden's motion to dismiss (Doc. No. 10) Mr. Krieg's § 2241 Petition, and deny Mr. Krieg's motion for summary judgment (Doc. No. 14). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

August 13, 2024

cc: Eric Krieg, pro se
    Matthew Hunter, Esq.